Filed 10/15/25  P. v. Jones CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DEAN JONES,<br><br>    Defendant and Appellant. | A172239<br><br>(Del Norte County<br>Super. Ct. No. CRF099098) |

**MEMORANDUM OPINION**[1]

This appeal follows a resentencing hearing pursuant to Penal Code section 1172.75.[2]  On appeal, defendant Michael Dean Jones contends, and the Attorney General concedes, the trial court erred in failing to conduct a full resentencing hearing.  We agree with the parties and remand the matter for a full resentencing hearing pursuant to section 1172.75.

---

[1]  We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

1

After a jury convicted defendant of gross vehicular manslaughter while being intoxicated,[3] the trial court sentenced him to 34 years to life in prison, which included a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b).[4]

Almost 14 years later, defendant filed a petition for recall and resentencing pursuant to section 1172.75. The trial court issued an order finding defendant eligible for resentencing,[5] appointed counsel, and scheduled a hearing for May 2024.

At the May hearing, defendant, who was in custody, was not present. The May 2024 clerk's minute order indicated defendant was not present but "would like to be present," and that the "People would like to continue [the] matter for further research on Defendant wanting to be present." The court continued the hearing to June 2024. Over the next several months, and despite several court orders issued to the Department of Corrections and Rehabilitation (CDCR) requesting defendant's removal and transport, the CDCR failed to transport defendant to hearings. Defense counsel repeatedly

---

[3] The substantive facts of the underling conviction are not relevant to our disposition, and we recite only those facts pertinent to the issue on appeal.

[4] This court affirmed the judgment in a prior opinion. (*People v. Jones* (Dec. 29, 2011, A130915) [nonpub. opn.].)

[5] In a separation motion, defendant requests we take judicial notice of "an email, dated March 18, 2025, from a California Department of Corrections and Rehabilitation (CDCR) official, in their official capacity, and transmitted using a CDCR government email address." The e-mail "confirms a fact directly relevant to a legal issue on appeal: that CDCR determined [defendant's] sentence was eligible for recall and resentencing under Penal Code section 1172.75 and that CDCR included his name on a list dated June 16, 2022, provided to the sentencing court." We grant the request. (Evid. Code, §§ 459, subd. (a), 452, subds. (c) & (h).)

conveyed defendant's wish to be present at the resentencing hearing. The court and defense counsel also repeatedly discussed that defendant would "be entitled to resentencing," but that he would be limited to reducing his sentence by one year and "that is it."

When the September hearing date came, and CDCR once again failed to transport defendant, the court stated, "We've tried to get him here. This is like the third time. And all we're doing is taking a year off his sentence. That's what we're doing—taking a year off his sentence. [¶] As I think about it, I think how ridiculous it would be to spend whatever it is—and my guess it's going to be several thousand dollars to get him here—to take a year off his sentence. That makes no sense to me." Thus, the trial court "authorize[d] a Zoom appearance," stating if defendant "wants to appear by Zoom, he can." The court continued, "I'll take the heat for it. I think that the [L]egislature when they did this specifically authorized or directed personal attendance if they wanted to be here . . . [b]ut when you're just taking a year off their sentence, it seems it ought to be—it ought to be the other way, that they don't have—even have the right to be here." Defense counsel stated, "It almost seems like something that the court could correct without a 'hearing' just to bring something in line with the law," but noted he was not "making arguments on behalf of [defendant]." The People objected, arguing defendant has a "constitutional right to be here or at least the statutory right to be here." The court noted the objection and set the hearing for October 31. Before the next hearing date, defendant moved for an order that he personally appear at the resentencing hearing and requesting a continuance of the hearing to November 7.

At the hearing on the motion, the court reiterated its feelings that defendant's "rights and due process are more than adequately protected by

3

allowing him a Zoom appearance."  Defense counsel noted defendant would like to be personally present, and the People joined.  The court noted the objections and set the matter for November 14.  At an interim hearing, defense counsel made "a record" that defendant continued to ask "to be personally present," and the People joined in that request.  The court continued the hearing, due to a medical procedure defense counsel was having, but reiterated a "Zoom appearance" satisfied defendant's due process rights.  At a November hearing, defense counsel informed the court it had contacted CDCR to set up the Zoom appearance, but they had not returned his call.

At the December hearing, defendant appeared remotely, and the court struck the one-year enhancement and resentenced defendant to 33 years to life.  After defendant interjected and asked about his entire sentence, the court and defense counsel went back and forth with defendant, with the court concluding, "We're on for a real limited purpose today, not just overall resentencing or reconsideration.  It was one issue, and that's been resolved."  Defense counsel agreed.

Section 667.5, subdivision (b), previously required the trial court to impose a one-year sentence enhancement for each true finding that the defendant served a separate prior prison term and did not remain free of custody for at least five years.  (§ 667.5, former subd. (b).)  However, effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) (Stats. 2022, ch. 58, §12, eff. June 30, 2022), which renders "legally invalid" any section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)).  If a judgment includes a qualifying prior prison term

4

enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) In resentencing defendant, the "court shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; accord, *People v. Carter* (2023) 97 Cal.App.5th 960, 968; *People v. Coddington* (2023) 96 Cal.App.5th 562, 568.)

Here, although the trial court properly struck the one-year prior prison term enhancement, it improperly concluded the hearing was limited to striking that enhancement. It is clear the trial court was unaware of section 1172.75's requirement that a full resentencing be conducted. The court repeatedly stated the hearing was for the "limited" purpose of striking the one-year enhancement and that "all we're doing is taking a year off his sentence." And even though defense counsel agreed with the court, both counsel and the court were mistaken.[6] On appeal, defendant has identified ameliorative changes, outside of the amendments to section 667.5, which may be applicable to him, none of which the trial court considered.[7]

---

[6] We decline to find forfeiture here. (See *People v. Coddington, supra,* 96 Cal.App.5th at pp. 567–568, citing *People v. Monroe, supra,* 85 Cal.App.5th at p. 400 [appellate court exercised its discretion to consider issue not otherwise preserved for review].)

[7] Defendant points to Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), which amended section 1385, giving the court discretion to dismiss enhancements in the furtherance of justice (§ 1385, subd. (c)); further the court has discretion to strike a prior strike (*id.*, subd. (a)); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530; *People v. Rogers* (2025) 108 CalApp.5th 340, 345.) Additionally, defendant points to

We therefore conclude the Attorney General's concession is well taken and the matter should be remanded for a full resentencing hearing.[8]

## DISPOSITION

The resentencing order is reversed, and the matter is remanded for the trial court to conduct a full resentencing hearing in accordance with section 1172.75 and current sentencing statutes that apply to defendant.

---

section 1172.75's mandate to trial courts to "apply the sentencing rules of the Judicial Counsel and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

[8] Given our determination, we need not and do not address defendant's separate contention that the trial court erred in holding the resentencing hearing without defendant being personally present.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Smiley, J.

A172239, People v. Jones

7